979 F.2d 216
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
IN re NOBELL, INC., Petitioner.
 Misc. No. 346.
 United States Court of Appeals, Federal Circuit.
 Aug. 25, 1992.
 
 Before LOURIE, Circuit Judge, BENNETT, Senior Circuit Judge, and CLEVENGER, Circuit Judge.
 ON PETITION FOR WRIT OF MANDAMUS
 LOURIE, Circuit Judge.
 
 ORDER
 
 1
 Nobell, Inc. petitions for a writ of mandamus to direct the United States District Court for the Northern District of California to comply with this court's November 27, 1991 decision remanding the case for further proceedings.
 
 
 2
 In August 1990, the district court granted Sharper Image Corporation's motion for summary judgment of noninfringement. Nobell appealed. On November 27, 1991, this court vacated and remanded for further proceedings. We stated that the district court erred in interpreting the word "extrinsic" in the claims at issue and that genuine issues of material fact existed.
 
 
 3
 After remand, Nobell moved for summary judgment of infringement. On April 17, 1992, the district court denied the motion on the ground that genuine issues of material fact remained and that the case would go to trial.
 
 
 4
 In its petition here, Nobell argues, in essence, that the district court did not understand this court's discussion concerning the interpretation of "extrinsic" and that the district court is repeating its earlier mistake.
 
 
 5
 Mandamus is an extraordinary remedy to be reserved for extraordinary situations. Gulfstream Aerospace Corp. v. Mayacamas Corp., 485 U.S. 271, 289 (1988). A party seeking mandamus must show that its right to issuance of a writ is clear and indisputable. Id. Nobell has not satisfied that stringent standard. The issue of infringement has not been decided yet. The parties will have the opportunity to present their cases and supporting arguments to the district court as the case develops. With the case in this posture, we cannot say that Nobell has shown that its right to a writ is clear and indisputable. Further, any arguments that the district court erred may be made on appeal after final judgment.
 
 
 6
 Accordingly,
 
 IT IS ORDERED THAT:
 
 7
 Nobell's petition for a writ of mandamus is denied.